UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY ) | |
| LABORERES PENSION FUND, et al.,[1] ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:20 CV 1435 JMB |
| ) | |
| DANNA EXCAVATING, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment and to Compel an Accounting (ECF No. 6).  For the following reasons, the Court will grant in part and deny without prejudice in part Plaintiffs' motion for default judgment because of their failure to ascertain the total amount of damages to be awarded.

On October 5, 2020, Plaintiffs filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.  (ECF No.1)  The record shows that Defendant Danna Excavating, LLC ("Defendant") was served with the summons and complaint on October 14, 2020 (ECF No. 5).  Defendant has neither appeared nor filed an answer or other response to the complaint in a timely manner.  On November 10, 2020, the Clerk of the Court entered default judgment against Defendant.  (ECF No. 11)  Plaintiffs moved for entry of default judgment in the

---

[1] Plaintiffs are Construction Industry Laborers Pension Fund, Patrick R. Pryor, Steve Schrimpf, Construction Industry Laborers Welfare Fund, and James P. Fitzgerald (collectively referred to as "Plaintiffs").

1

amount of $19,662.79[2] against Defendant and an order compelling Defendant to submit to an accounting for the period of January 1, 2019, through the present.  Defendant did not respond to the pending motion.

"When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding."  Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001).  A default judgment cannot be entered until the amount of damages has been ascertained.  Hagen v. Sisseton-Wahpeton Comm. Coll., 205 F.3d  1040, 1042 (8th Cir. 2000).  A party entitled to default judgment is required to prove the amount  of damages that should be awarded.  Oberstar v. F.D.I.C., 987 F.2d 494, 505 n. 9 (8th Cir. 1993).  Here, there is no evidence of the total amount of damages sought by Plaintiffs because these damages have not been ascertained.  Plaintiffs have not performed the accounting necessary to determine the full amount of damages.  See SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc., 2014 WL 1389581, at *1 (E.D. Mo. Apr. 9, 2014) ("A default judgment cannot be entered until the amount of damages has been ascertained.").

The Court will grant Plaintiffs' motion in part and deny the motion without prejudice in part.  The Court will grant Plaintiffs' motion for an order compelling an accounting so that Plaintiffs can determine the amounts allegedly owed from January 1, 2019, to the present.  The Court will deny without prejudice Plaintiffs' motion for default judgment in the amount of $12,383.33 in unpaid contributions for the period January 1, 2016, through December 31, 2018,

---

[2] Plaintiffs state Defendant owes Plaintiffs a total of $12,383.33 in unpaid contributions for the period January 1, 2016, through December 31, 2018, $2,751.45 in liquidated damages, and $1,910.97 in interest on the unpaid contributions.  They also seek attorneys' fees in the amount of $2,427.04 and audit costs in the amount of $190.00.

2

$2,751.45 in liquidated damages, and $1,910.97 in interest on the unpaid contributions as well as $2,427.04 in attorneys' fees and $190.00 in audit costs.

The Court will order Plaintiffs to file within ninety (90) days of the date of this Order a status report regarding the progress of the accounting of Defendant's business records and books. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment and to Compel an Accounting (ECF No. 6) is **GRANTED in part** and **DENIED without prejudice in part**. The motion is granted as to Plaintiffs' request for an Order compelling an accounting, and denied without prejudice as to the default judgment.

**IT IS FURTHER ORDERED** that Defendant shall provide to Plaintiffs within sixty (60) days of the date of this Order all of its business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement by Defendant during the period of January 1, 2019, through the present.

**IF IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and Order to Defendant, at the following address:

> Danna Excavating, LLC
> Attn: Sandra H. Danna, Registered Agent
> 29973 Glen Road
> Wright City, MO 63390

**IT IS FURTHER ORDERED** that Plaintiffs shall file within ninety (90) days of the date of this Order a status report regarding the progress of the accounting of Defendant's business records and books.

/s/ *John M. Bodenhausen*
John M. Bodenhausen
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of December, 2020.