UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al.,[1] | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:20 CV 1435 JMB ) |
| DANNA EXCAVATING, LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Judgment by Default against Defendant Danna Excavating, LLC ("Defendant"). (ECF No. 15)  Plaintiffs seek entry of default judgment in an amount of $21,232.38.  Plaintiffs' requested recovery includes attorneys' fees and audit costs incurred in this action.

**I.    Factual Background**

Plaintiffs in this action are Construction Industry Laborers Pension Fund, a trust fund, Patrick R. Pryor and Steve Schrimpf, duly appointed and acting Trustees of the Construction Industry Laborers Pension Fund, who are authorized to maintain this action on behalf of the Construction Industry Laborers Pension Fund, and Patrick R. Pryor and James P. Fitzgerald, duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund, who are authorized to maintain this action on behalf of the Welfare Fund.  (ECF No. 1 at ¶¶ 1-2, 6)  On October 5, 2020, Plaintiffs filed this action under the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1132.  (Id. at ¶ 1)  In the Complaint, Plaintiffs allege that Defendant

---

[1] Plaintiffs are Construction Industry Laborers Pension Fund, Patrick R. Pryor, Steve Schrimpf, Construction Industry Laborers Welfare Fund, and James P. Fitzgerald (collectively referred to as "Plaintiffs").

1

failed to submit correct contributions to Plaintiffs from January 1, 2016, through December 31, 2018, under the collective bargaining agreement. (Id. at ¶ 9)

On May 25, 2021, Plaintiffs moved for entry of default judgment in the amount of $21,232.38[2] against Defendant. (ECF No. 15)

Although Defendant was served on October 4, 2020, Defendant has not filed an answer or otherwise entered an appearance. (ECF Nos. 2 and 5) On November 10, 2020, the Clerk of Court entered an Order of Default against Defendant. (ECF No. 11) Defendant has not moved to set aside the default. The Court ordered Plaintiffs to file appropriate motions for entry of default and for default judgment, supported by all necessary affidavits and documentation, by May 25, 2021. (ECF No. 13)

## II.     Legal Standard

Under Fed. R. Civ. P. 55(a), a court may enter a default judgment for failure "to plead or otherwise defend." "Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violation of court rules, contumacious conduct, or intentional delays'" Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) (quoting United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993)). Although default judgments are disfavored under the law, Harre, 983 F.2d at 130, "entry of default judgment … is an appropriate exercise of a court's discretion for a party's repeated failure to comply with court

---

[2] In Count I, Plaintiffs assert that Defendant owes Plaintiffs a total of $5,355.38 in unpaid contributions, $858.44 in interest on the unpaid contributions, and $1,236.00 in liquidated damages for the period of January 1, 2016, through December 31, 2018. (ECF No. 1 at 5) They also seek attorneys' fees in the amount of $1,998.32 and audit costs in the amount of $95.00. (ECF Nos.1, 15) In Count II, Plaintiffs assert that that Defendant owes Plaintiffs a total of $7,027.95 in unpaid contributions, $1,052.53 in interest on the unpaid contributions, and $1,515.45 in liquidated damages for the period of January 1, 2016, through December 31, 2018. They also seek attorneys' fees in the amount of $1,998.31 and audit costs in the amount of $95.00.

orders due to willfulness or bad faith." Monsanto Co. v. Hargrove, 2011 WL 93718, at * 2 (E.D. Mo. Jan. 11, 2011) (citation omitted). When the Clerk of the Court has entered default judgment against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." Mueller v. Jones, 2009 WL 500837, at *1 n. 2 (E.D. Mo. Feb 27, 2009). Further, '[a] party seeking damages under a default judgment must … prove its rights to such damages with affidavits or other supporting documentation." Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc., 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted). See Fed.R.Civ.P. 8(b)(6) (stating that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.") (citations omitted).

### III. Discussion

In deciding the instant motion for default judgment, the Court accepts as true the factual allegations set forth in Plaintiffs' Complaint together with the affidavits presented in Plaintiffs' motion and memorandum in support as they relate to Plaintiffs' damages and prayer for relief. Defendant has failed to pay fringe benefit contributions to the Pension and Welfare Funds on behalf of laborer employees. (ECF No. 1 at ¶¶ 15-17 (Count I) and ¶ 4 (Count II); Affidavit of Noah Ries at ¶¶ 2-5 exhibits 1 and 2 attached thereto) Based on those allegations and affidavit, the Court finds that Plaintiffs are entitled to the relief requested. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Judgment by Default (ECF No. 15) is **GRANTED**. Plaintiffs are awarded default judgment against Defendant Danna Excavating, LLC for a total of $21,232.38 upon which Plaintiffs may immediately execute.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 2nd day of November, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE